# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LUCI BAGS LLC | § § | |
| v. | § § § | Civil Action No. 4:16-CV-00377<br>Judge Mazzant |
| YOUNIQUE, LLC | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Younique, LLC's Motion for Summary Judgment (Dkt. #30). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

Plaintiff Luci Bags LLC's ("Luci") predecessor in interest and founder Rebecca Lucas started selling display tote bags in 2008. Luci sells different types of tote bags, some of which contain several pouches for use in displaying items such as photographs, catalogs, or small products such as trinkets, jewelry, or cosmetics. Each of Luci's display tote bags is made out of colorful fabric and has two zippered pouches that are split into smaller compartments in the front and one large zippered pouch in the back. Luci's trade dress consists of four stripes: "one horizontal stripe below the zipper of a top pouch, two horizontal stripes above and below the zipper of a bottom pouch and one horizontal stripe below the zipper of a back pouch." (Dkt. #37, Lucas Decl., Exhibit 11).

On August 12, 2014, Luci submitted an application for federal registration of the configuration of its tote bags. Luci claimed that it first used the tote bag configuration in the stream of commerce on January 31, 2008. On December 7, 2014, the United States Patent and

Trademark Office ("PTO") refused the registration of Luci's product configuration. On May 1, 2015, Luci submitted a response to the PTO arguing that the configuration was not functional. The PTO again refused the application on May 26, 2015, reasoning that the product configuration was functional and nondistinctive. On November 27, 2015, Luci responded to the second refusal. Luci amended its description of the product configuration to eliminate any claim for the pockets, handles, rectangular compartments, zippers, shape of the bottom, or structure of the bag. On April 26, 2016, the PTO approved Luci's amended application.

Each of Luci's bags contains a "Luci Bags" wordmark prominently featured on a black patch affixed to the front of the bag. However, only three models of Luci's bags contain the four-stripe trade dress.

Luci sells its bags through its website, at conventions, and through individual stylists who sell the bags at parties. Luci advertises its display tote through Facebook, its website, emails to customers, product brochures, participation in conventions, online parties hosted by Luci stylists, face-to-face interactions with stylists, YouTube, and Google. Plaintiff's advertisements emphasize its five-pocket design that is "perfect for displaying a catalog, jewelry collection, or 8 x 10 photo" (*See* Dkt. #37, Exhibit 1 at p. 5).

Defendant Younique, LLC ("Younique") is a cosmetics company that sells its products through direct sales. Younique's direct sales strategy utilizes individuals throughout the United States ("Presenters") to sell its products. The Presenters host "Younique Parties" where Younique products are displayed and sold to attendees.

In January 2015, Shelaine Maxfield, the wife of Younique's CEO ordered several Luci totes bags. In the summer of 2015, Younique began developing a "Welcome Back" promotion (the "Promotion") targeting inactive presenters. On December 29, 2015, Younique announced

the Promotion through its website, social media, and emails sent to all active and inactive Presenters. The Promotion launched in January 2016. The Promotion offered inactive Presenters the opportunity to become active Presenters and receive a "Welcome Back Kit (the "Kit"), which contained over $200 of Younique cosmetics, advertising cards, a catalog, and an allegedly infringing tote created by Younique (the "Tote"). In order to receive the Kit, Presenters were required to pay $75. In February 2016, Younique extended the Promotion to allow both active and inactive Presenters to buy the Kit. The promotion ended in February 2016.

Younique worked with a manufacturer to create the Tote. Younique designed the Tote to include various sizes of clear pockets to allow Presenters receiving the promotion to display and store Younique's skin care and cosmetics, catalogs and advertising cards. Younique's team tasked with developing the Tote continuously referred to the "lucy style bag" or "Luci bags."

The Tote was primarily solid purple with clear pouches on the front and back of the bag. The front pouches had two horizontal zippers. The tope zipper was black, with black bias tape sewn underneath the zipper. The bottom zipper was also black with black bias tape sewn above and below the zipper. The clear plastic pouches were located immediately below each zipper. The fabric behind the pouches matched the fabric on the rest of the Tote.

Younique's field management specialist sent an email titled "Feb 7-Feb. 13 Social Media Trends" to several Younique employees. The email reproduces a comment where an individual compliments the Tote and states that its quality is superior to the "Lucy Bag." Neither the comment nor the email reference the Luci trade dress.

On June 7, 2016, Luci filed a complaint for Trade Dress infringement and unfair competition under Sections 32 and 43 of the Lanham Act and under common law (Dkt. #1). On February 21, 2017, Younique filed this motion for summary judgment claiming that Luci's trade

dress is not distinctive because it is merely ornamental and has not acquired a secondary meaning (Dkt. #30). On March 28, 2017, Luci filed a response (Dkt. #37). On April 4, 2017, Younique filed a reply (Dkt. #41). On April 11, 2017, Luci filed a surreply (Dkt. #43).

## LEGAL STANDARD

Summary Judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The moving party bears the initial burden of identifying the basis for its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). If the moving party satisfies its burden, the nonmovant must present affirmative evidence showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 257; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs will not suffice to carry this burden. *Celotex*, 477 U.S. at 324. The Court must consider all of the evidence in the light most favorable to the nonmovant, with all reasonable inferences from the evidence made in favor of the nonmovant. *Nola Spice*, 783 F.3d at 536. However, the Court must "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Younique has met its burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendant Younique, LLC's Motion for Summary Judgment (Dkt. #30) is hereby **DENIED**.

**SIGNED this 29th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE