# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LUCI BAGS LLC | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00377 |
| | § | Judge Mazzant |
| YOUNIQUE, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Younique, LLC's Motion for Summary Judgment Based on the Functionality of Plaintiff's Asserted Trade Dress (Dkt. #45). After reviewing the relevant motion and pleadings, the Court finds the motion should be denied.

## BACKGROUND

Plaintiff Luci Bags LLC's ("Luci") predecessor in interest and founder Rebecca Lucas ("Lucas") started selling display tote bags in 2008. Each of Luci's display tote bags is made of colorful fabric and contains Luci's asserted trade dress. Luci's asserted trade dress consists of four stripes: "one horizontal stripe below the zipper of a top pouch, two horizontal stripes above and below the zipper of a bottom pouch and one horizontal stripe below the zipper of a back pouch." (Dkt. #37, Lucas Decl., Exhibit 11). Each pouch is made of clear plastic material.

On August 12, 2014, Luci submitted an application for federal registration of the configuration of its tote bags, which included claims for the pockets, handles, rectangle compartments, zippers, shape of the bottom, and structure of the bag. Luci claimed that it first used the tote bag configuration in the stream of commerce on January 31, 2008. On December 7, 2014, the United States Patent and Trademark Office ("PTO") refused the registration of Luci's product configuration. On May 1, 2015, Luci submitted a response to the PTO arguing that the configuration was not functional. The PTO again refused the application on May 26, 2015,

reasoning that the product configuration was functional and nondistinctive. On November 27, 2015, Luci responded to the second refusal. Luci amended its description of the product configuration to eliminate any claim for the pockets, handles, rectangular compartments, zippers, shape of the bottom, or structure of the bag. On April 26, 2016, the PTO approved Luci's amended application.

Defendant Younique, LLC ("Younique") is a cosmetics company that sells its products through direct sales. Younique's direct sales strategy utilizes individuals throughout the United States ("Presenters") to sell its products. The Presenters host "Younique Parties" where Younique products are displayed and sold to attendees.

In the summer of 2015, Younique began developing a "Welcome Back" promotion (the "Promotion") targeting inactive presenters. The Promotion offered inactive Presenters the opportunity to become active Presenters and to receive a "Welcome Back Kit (the "Kit"), which contained over $200 of Younique cosmetics, advertising cards, a catalog, and an allegedly infringing tote created by Younique (the "Tote"). The Promotion launched in January 2016 and ended in February 2016.

The Tote was primarily solid purple with clear pouches on the front and back of the bag. The front pouches had two horizontal zippers. The top zipper was black, with black bias tape sewn underneath the zipper. The bottom zipper was also black with black bias tape sewn above and below the zipper. The clear plastic pouches were located immediately below each zipper. The fabric behind the pouches matched the fabric on the rest of the Tote.

On June 7, 2016, Luci filed a complaint for Trade Dress infringement and unfair competition under Sections 32 and 43 of the Lanham Act and under common law (Dkt. #1). On

May 26, 2017, Younique filed this motion for summary judgment (Dkt. #45). On June 9, 2017, Luci filed a response (Dkt. #48). On June 16, 2017, Younique filed a reply (Dkt. #49).

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The moving party bears the initial burden of identifying the basis for its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). If the moving party satisfies its burden, the nonmovant must present affirmative evidence showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 257; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs will not suffice to carry this burden. *Celotex*, 477 U.S. at 324. The Court must consider all of the evidence in the light most favorable to the nonmovant, with all reasonable inferences from the evidence made in favor of the nonmovant. *Nola Spice*, 783 F.3d at 536. However, the Court must "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

# ANALYSIS

Younique argues it is entitled to summary judgment because the asserted trade dress is functional under either the primary test or the competitive necessity test. Younique also argues that Luci is not entitled to a presumption of functionality because the alleged infringing acts occurred at least two months before Luci's trademark was issued. As a result, Younique argues that Luci bears the burden to prove that the asserted trade dress is non-functional.

Luci responds that its asserted trade dress is presumably non-functional because of its registration on the principal register. Luci further responds asserting that its asserted trade dress is non-functional because the horizontal stripes do not affect the quality of the handbag, nor do they create a significant non-reputational advantage for Luci.

Before addressing the merits of functionality, the Court will address the parties' arguments on the burden of proving functionality. Registration on the principal register provides:

> [P]rima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration . . . .

15 U.S.C. § 1115(a). Regardless of whether the presumption of non-functionality exists, the result of this motion is the same. Younique moves for summary judgment on a single element of Luci's trade dress claim. As the movant, Younique is required to show the absence of an issue of fact on this one element. The Court finds that Luci has provided prima facie evidence of non-functionality, which Younique has failed to conclusively negate. Therefore, summary judgment in Younique's favor is not appropriate regardless of which party bears the burden on functionality.

"The Lanham Act gives a seller or producer the exclusive right to 'register' a trademark, and to prevent his or her competitors from using that trademark." *Qualitex Co. v. Jacobson*

*Prods. Co., Inc.*, 514 U.S. 159, 162 (1995) (citations omitted). "The 'functionality doctrine' prevents a producer from using trademark law to inhibit legitimate competition by controlling a useful product feature." *Poly–America, LP v. Stego Indus., LLC*, No. 3:08–CV–2224–G, 2011 WL 3206687, at *5 (N.D. Tex. July 27, 2011) (citing *Qualitex*, 514 U.S. at 164). "If a product's functional features could be used as trademarks . . . , a monopoly over such features could be obtained without regard to whether they qualify as patents and could be extended forever (because trademarks may be renewed in perpetuity)." *Qualitex*, 514 U.S. at 164–65.

The functionality of a proposed mark is a question of fact. *See Eppendorf*, 289 F.3d at 357 (analyzing the jury's finding of non-functionality); *Nat. Polymer Int'l Corp. v. S & M Nutec, LLC*, No. 3:03–CV–0461–P, 2004 WL 912568, at *3 (N.D. Tex. Apr. 27, 2004) ("All courts have held that the [i]nquiry as to functionality is a question of fact." (quoting 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competitions* § 7:71 (4th ed. 2003))). Courts have distinguished "*de facto* functional features, which may be entitled to trademark protection, from *de jure* functional features, which are not." *Poly–America,* 2011 WL 3206687, at *5 (citing *Yalu Eng'g, Inc. v. Rexnord Corp.*, 278 F.3d 1268, 1274 (Fed. Cir. 2002)). "*De facto* functionality simply means that a design has a function . . . such functionality is irrelevant to the question of whether a mark as a whole is functional so as to be ineligible for trademark protection." *In re Becton*, 675 F.3d at 1373–74; *see also Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1119 (5th Cir. 1991). "*De jure* functionality 'means that the product is in its particular shape because it works better in this shape.'" *Id.* at 1374 (citation omitted). In *In re Becton,* the Federal Circuit explained:

> Where a mark is composed of functional and non-functional features, whether "an overall design is functional should be based on the superiority of the design as a whole, rather than on whether each design feature is 'useful' or 'serves a utilitarian purpose.'" *Textron* cited as an example the Coca–Cola bottle, noting

> that the bottle's significant overall non-functional shape would not lose trademark protection simply because "the shape of an insignificant element of the design, such as the lip of the bottle, is arguably functional." Likewise, a mark possessed of significant functional features should not qualify for trademark protection where insignificant elements of the design are non-functional.

675 F.3d at 1374 (citing *Textron, Inc. v. Int'l Trade Comm'n*, 753 F.2d 1019, 1025 (Fed. Cir. 1985)) (citations omitted).

The primary test for functionality is whether the product feature is "essential to the use or purpose of the product or if it affects the cost or quality of the product." *Eppendorf*, 289 F.3d at 355. "A feature is 'essential to the use or purpose' of a product if it serves any significant function other than to distinguish a firm's goods or identify their source." *Poly–America*, 2011 WL 3206687, at *10 (citing *Qualitex*, 514 U.S. at 165–66). The availability of alternative designs is irrelevant to the primary test for functionality. *Eppendorf*, 289 F.3d at 355 (citing *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 34 (2001)). "'Essential,' as used in the traditional test of functionality, therefore, does not equate a layman's understanding of the word; it is a term of art, used to distinguish product features that only serve to identify a product's source from those that serve 'any other significant function.'" *Poly–America*, 2011 WL 3206687, at *10 (citing *Qualitex*, 514 U.S. at 166).

The Supreme Court recognized an additional test for functionality in *TrafFix*. Under the "competitive necessity" test, "[a] functional feature is one the 'exclusive use of which would put competitors at a significant non-reputation-related disadvantage.'" *TrafFix*, 532 U.S. at 32 (quoting *Qualitex*, 514 U.S. at 165). The competitive necessity test is a supplement to the traditional test. *Id.* Therefore, there is no need to consider competitive necessity when a product feature is functional under the traditional definition. *Id.* at 33–35. Factors in determining competitive necessity include whether the design yields a utilitarian advantage, whether alternative designs are available in order to avoid hindering competition, and whether the design

achieves economies in manufacture or use. *ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278, 1288 (Fed. Cir. 2010).

The Court finds that a fact issue exists as to the asserted trade dress under both tests. First, a fact issue exists as to whether the asserted trade dress is not essential to the use or purpose of the product. Younique has provided evidence in the form of a fashion expert, Rachel Nasvik ("Nasvik") who says that there must be a "fabric band, trim, or bias tape to finish the construction in order to have an external PVC or clear pocket with a zipper on a fabric tote bag" (Dkt. #45, Decl. & Report of Rachel Nasvik at p. 4). Luci provided a declaration, which included photographs of clear plastic bags that have zippers attached without any bias tape or other fabric striping (Dkt. #48, Lucas Decl. at p. 6–7). Notwithstanding Younique's objection to Lucas's assertion of being an expert, the photographs provide sufficient evidence to defeat summary judgment on the primary functionality test.

Younique appears to draw a distinction between Luci's proffered photos and Nasvik's report. Nasvik seems to rely on the fact that the bias tape or fabric is necessary to attach a clear pocket with a zipper to a fabric tote bag. This is apparently in contrast to Luci's photos that show all-plastic bags. The Court is not convinced by this alleged distinction. Only one stripe—the middle stripe of the three-stripe side—on Luci's bag attaches directly to the fabric of the bag for the entire length of the stripe. The rest of the stripes only attach to the fabric of the bag on the very edges of the pocket. Nasvik did not state that this was the function at issue. Therefore, taking all reasonable inferences in favor of the non-movant, a reasonable jury could find that the asserted trade dress is non-functional under the primary test.

Second, a fact issue exists as to the cost or quality gained from the asserted trade dress. Assuming that the stripes are not essential to how the zipper works, adding an extra piece of

7

fabric would undoubtedly increase the cost and complication of manufacturing. Therefore making it non-functional.

Regarding quality, Younique has not provided sufficient evidence to demonstrate the absence of an issue of material fact. Younique has provided evidence of a cursory statement that "construction of the bag would not be acceptable for sale or offering to the public in the handbag industry" (Dkt. #45, Nasvik Report at p. 4). Beyond this, Younique has not offered any evidence as to why such a construction would not be acceptable. In opposition, Luci has provided photographs of handbags that do not use bias tape to attach zippers to clear plastic. Therefore, a fact issue exists as to why the clear plastic bags proffered by Luci are not viable in the marketplace.

Younique also argues that because each stripe is adjacent to a zipper, their combination is functional as well. Younique argues that the stripes are necessary to a design with one large pocket on one side and two smaller pockets on the other side. Having found a fact issue as to the necessity of the fabric stripes themselves, Younique's argument of a combination function fails as well because no stripe is required around any zipper, therefore Luci has not obtained a monopoly over the arrangement of zippers or pockets.

## CONCLUSION

It is therefore **ORDERED** that Defendant Younique, LLC's Motion for Summary Judgment based on the functionality of Plaintiff's Asserted Trade Dress (Dkt. #45) is hereby **DENIED**. This case should proceed to trial.

**SIGNED this 1st day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE