# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| LUCI BAGS LLC | § |
| | § |
| v. | § Civil Action No. 4:16-CV-00377 |
| | § Judge Mazzant |
| YOUNIQUE, LLC | § |
| | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Strike Rebecca Lucas as an Expert Witness (Dkt. #55). After reviewing the relevant pleadings, the Court denies Defendant's motion.

## BACKGROUND

Plaintiff Luci Bags LLC ("Luci Bags") filed suit against Defendant Younique LLC ("Younique") for alleged violations of 15 U.S.C. §§ 1114 and 1125(a), common law trade dress infringement, and unfair competition. (Dkt. #1). In the Court's Third Amended Scheduling Order[1] (Dkt. #44), the Court set April 21, 2017 as the deadline for Plaintiff's disclosure of expert testimony and Defendant's disclosure of expert testimony on the issue of trade dress invalidity. (Dkt. #44). The Order also set May 19, 2017 as the deadline for Defendant to designate any remaining experts. (Dkt. #44). Additionally, the Order allowed Plaintiff thirty days from the date of any disclosure by Defendant of expert testimony to serve rebuttal expert disclosures. (Dkt. #44).

On April 21, 2017, Defendant sent Plaintiff an email (Dkt. #55, Exhibit 2) designating Rachel Nasvik ("Nasvik") as an expert witness on trade dress invalidity. On May 19, 2017,

---

[1] Although the Court has since issued subsequent scheduling orders, because the Third Amended Scheduling Order (Dkt. #44) controlled all times relevant to this motion, the Court applies those deadlines, not subsequent deadlines.

Defendant sent Plaintiff a comprehensive list of its designated experts (Dkt. #57, Exhibit 1), which included Nasvik. On June 19, 2017, Plaintiff sent Defendant Plaintiff's Supplemental Rule 26(a)(2) Disclosures designating Rebecca Lucas ("Lucas") as a rebuttal non-retained expert (Dkt. #55, Exhibit 3).

On August 2, 2017, Defendant filed its Motion to Strike Lucas as an expert witness (Dkt. #55) claiming Plaintiff's designation as untimely. On August 16, 2017, Plaintiff filed its response. (Dkt. #57). Subsequently, Defendant filed its reply (Dkt. #64) on August 30, 2017, and Plaintiff filed its sur-reply on September 6, 2017 (Dkt. #65).

Defendant argues Plaintiff's designation is untimely because it did not occur within thirty days of Defendant's designation of Nasvik on April 21, 2017. Furthermore, Defendant contends that even if the Court finds the designation timely, Lucas's testimony is unsupported by any factual basis and is outside the scope of a non-retained expert.[2] Conversely, Plaintiff argues it timely disclosed Lucas because Defendant's email on April 21, 2017 did not constitute a proper disclosure, meaning Plaintiff had thirty days from Defendant's subsequent designation, May 19, 2017, to make its rebuttal disclosure. Additionally, Plaintiff contends Lucas's anticipated testimony is within the scope of her designation as a non-retained expert.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592−93 (1993). Courts act as gatekeepers of

---

[2] Defendant's objection relates only to Lucas testifying as an expert witness, not a fact witness. (Dkt. #64 at p. 2 n.1).

2

expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590−91.

Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony." FED. R. CIV. P. 26(a)(2)(B). Rule 26(a)(2)(C) governs the disclosure requirements for other expert witnesses, mandating that the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(B). "Courts require a party seeking to avoid producing a full expert report to show the proposed expert is not required to submit a report." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-00094, 2017 WL 2936218, at *2 (E.D. Tex. July 10, 2017) (citations omitted).

## ANALYSIS

### A. Timeliness of Plaintiff's Disclosure of Rebecca Lucas

In determining whether Plaintiff timely disclosed Lucas, the Court first addresses whether Defendant's email (Dkt. #55, Exhibit 2) to Plaintiff constituted a Rule 26(a)(2) designation of Nasvik triggering the thirty-day response period. Defendant argues its email on April 21, 2017 properly designated Nasvik under Rule 26. Plaintiff contends Defendant's designation did not

occur until May 19, 2017, when Defendant served Plaintiff with a "formal disclosure identifying Nasvik as an expert."

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). If the witness is "retained or specially employed to provide expert testimony" the disclosure must include a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence the [C]ourt orders." FED. R. CIV. P. 26(a)(2)(D). Additionally, "unless the [C]ourt orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served." FED. R. CIV. P. 26(a)(4).

Here, Defendant's email (Dkt. #55, Exhibit 2) identified Nasvik as one of its experts and contained a written report signed by Nasvik (Dkt. #57, Exhibit 2). Further, Defendant sent the email on April 21, 2017, within the deadline prescribed in the Court's Scheduling Order (Dkt. #44). Finally, the email, signed by the Defendant's attorney, constitutes a signed writing properly served on Plaintiff. *See Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 710–11 (N.D. Tex. 2013) (holding an attorney's signature block constitutes their signature); FED. R. CIV. P. 5(b)(2)(E) (stating service by electronic means is appropriate if the parties consent). Because Defendant's email satisfied the requirements in Rule 26, the Court finds Defendant's email properly designated Nasvik as an expert witness. As such, Plaintiff had thirty days from April 21, 2017 to serve Defendant with its rebuttal expert disclosures.

Plaintiff argues Defendant's formal disclosure on May 19, 2017 belies Defendant's argument that Defendant designated Nasvik via email on April 21, 2017. The Court disagrees. As discussed above, Defendant's email satisfied the requirements under Rule 26. Additionally,

Plaintiff knew Defendant's deadline to designate an expert on trade dress invalidity ended April 21, 2017. On this date, Defendant sent Plaintiff an email and expert report making clear the role Nasvik played in addressing trade dress invalidity. Moreover, although Defendant could designate experts until May 19, 2017, such designations were for experts unrelated to trade dress invalidity, which Plaintiff knew.

Because the Court finds Defendant's email (Dkt. #55, Exhibit 2) constitutes a proper designation under Rule 26(a)(2), the Court next determines whether Plaintiff timely disclosed Lucas as a rebuttal non-retained expert.

Pursuant to the Court's Scheduling Order (Dkt. #44), Plaintiff had thirty days from Defendant's designation of expert witnesses to serve rebuttal expert disclosures. Because Defendant designated Nasvik on April 21, 2017, Plaintiff had until May 22, 2017 to serve rebuttal expert disclosures.[3] Plaintiff did not designate Lucas until June 19, 2017, outside the thirty-day time period. (Dkt. #55, Exhibit 3). Accordingly, Plaintiff failed to timely designate Lucas.

### B. Whether an Untimely Designated Expert Should be Excluded

When a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Diamond Consortium*, 2017 WL 2936218, at *3 (citations omitted). In making this determination, the Court considers four factors. *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *Bradley v. U.S.*, 866 F.2d 120, 124−25 (5th Cir. 1989). These include: "(1) the explanation for the failure to identify the witness; (2) the importance of the

---

[3] Because thirty days from April 21, 2017 falls on a Sunday, the effective date is the first business day following the deadline imposed. *See* Dkt. #44 at n.1.

testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger*, 361 F.3d at 883 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). After considering these factors, the Court finds exclusion of Lucas is improper.

### 1. Explanation for Failure to Timely Disclose

Defendant argues Plaintiff offers no excuse for an untimely designation. Plaintiff contends any delay resulted from miscommunication and misunderstanding. Specifically, Plaintiff claims because it believed Defendant did not designate Nasvik until May 19, 2017, Plaintiff thought it had until June 19, 2017 to designate Lucas.

As explained above, Plaintiff knew Defendant's deadline to designate an expert on trade dress invalidity ended April 21, 2017. On this date, Defendant sent Plaintiff an email and expert report making clear Nasvik's role in addressing trade dress invalidity. Although Defendant could designate experts until May 19, 2017, such designations were for experts unrelated to trade dress invalidity. Taking these facts and circumstances into consideration, the Court finds the first factor weighs in favor of excluding Lucas's testimony as an expert.

### 2. Importance of the Testimony

In Plaintiff's response (Dkt. #57), Plaintiff states it only designated Lucas "out of an abundance of caution" since Lucas's testimony "will be primarily, if not entirely, factual." (Dkt. #57 at p. 3). Further, Plaintiff explained "[a]s the disclosure relates to topics and testimony that Ms. Lucas is already permitted to offer as a fact witness and was only made out of an abundance of caution lest any testimony be construed as falling within the scope of 'expert' opinion, *the importance of the 'expert' component of Ms. Lucas's testimony is minimal*." (Dkt. #57 at p. 4) (emphasis added). Thus, although Lucas's testimony is important, its importance is not

grounded in Lucas's designation as an expert. As such, the Court finds the second factor weighs in favor of excluding Lucas's testimony as an expert.

### 3. Potential Prejudice to the Opposing Party in Allowing the Testimony/Evidence

Defendant argues Plaintiff's untimely designation of Lucas prejudiced Defendant by preventing Defendant from timely noticing an expert deposition of Lucas. As such, Defendant claims allowing Lucas to testify at trial as an expert without the ability to depose her is unfairly prejudicial. Conversely, Plaintiff contends prejudice is nonexistent because Defendant deposed Lucas as a 30(b)(6) witness, and Defendant did not request an opportunity to question Lucas on her expert opinions. Additionally, Plaintiff argues had Defendant asked, Plaintiff would have allowed for additional questioning and time at Lucas's 30(b)(6) deposition to address Lucas's expert opinions.

Here, the Court finds any prejudice suffered by Defendant is self-imposed. Plaintiff, albeit untimely, designated Lucas as a rebuttal expert on June 19, 2017. Defendant's 30(b)(6) deposition of Lucas occurred on August 29, 2017, more than two months later. Although Defendant argues a 30(b)(6) deposition is not a substitute for an expert designation, Lucas's expert testimony does not differ drastically from her anticipated testimony as Plaintiff's 30(b)(6) designated representative.[4] As such, the Court finds Defendant's failure to confer with Plaintiff in an attempt to address such issues at the 30(b)(6) deposition as inefficient and problematic. Further, as

---

[4] "[Defendant] has already designated these topics for its 30(b)(6) deposition of Luci Bags for which Ms. Lucas will serve as the deponent." (Dkt. #57 at p. 9); *See* Dkt. #57, Exhibit 4 (Disclosure of Lucas's Anticipated Testimony); Dkt. #57, Exhibit 5 (Topics for 30(b)(6) Deposition).

explained below, any such prejudice is curable by way of a discovery continuance. As such, the Court finds the third factor weighs against exclusion.

### 4. The Possibility of a Continuance to Cure Such Prejudice

Defendant argues granting a continuance in this case places greater financial burdens on Defendant. Plaintiff contends a continuance will not create additional financial burdens on Defendant because Defendant is already deposing Lucas.

The Fifth Circuit has consistently held "a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 374 (5th Cir. 2016) (internal quotations omitted); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

Here, the parties filed a Joint Motion for Extension of Time to Complete Discovery (Dkt. #61), which the Court granted (Dkt. #63). In the Court's order (Dkt. #63), the Court extended the deadline for all fact and expert depositions until September 30, 2017. The Court finds ironic Defendant's argument that a continuance fails to cure any alleged prejudice and creates a greater financial burden, when Defendant itself filed a motion seeking an extension of time to complete discovery (Dkt. #61). Because the Court finds a continuance extending the discovery deadline cures any prejudice, and because the Court has already granted such relief, the Court finds the fourth factor weighs against exclusion.

Here, two factors weigh in favor of exclusion, while two factors weigh against exclusion. The Court in its discretion finds exclusion is improper. *See Diamond Consortium*, 2017 WL

2936218, at *3 (holding the determination of whether Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court).

### C. Scope of Lucas's Testimony as a Non-Retained Expert

Because the Court finds the exclusion of Lucas's testimony as a non-retained expert is improper, the Court next addresses the scope of Lucas's testimony. Defendant makes several arguments regarding the admissibility and scope of Lucas's testimony. The Court addresses each argument in turn.

#### 1. Questions of Law or Questions of Fact

Both parties agree a pre-requisite to proving trade dress infringement is establishing a trade dress qualifies for trade dress protection. Defendant argues Lucas's expert testimony, as it relates to such issues, is inadmissible because these are questions of law. Plaintiff contends such testimony is admissible because it addresses questions of fact.

An expert may never render conclusions of law. *Goodman v. Harris Cty*, 571 F.3d 388, 399 (5th Cir. 2009). However, expert testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *Id.* (quoting FED. R. EVID. 704). In order to "demonstrate an unlawful trade dress infringement, the plaintiff must first establish that the trade dress qualifies for trade dress protection. This inquiry encompasses three issues: (1) distinctiveness; (2) secondary meaning; and (3) functionality." *Natural Plymer Int'l Corp. v. S & M Nutec, LLC*, No. 3:03-cv-0461-P, 2004 WL 912568, at *3 (N.D. Tex. Apr. 27, 2004) (quoting *Sunbeam Prods. v. West Bend Co.*, 123 F.3d 246, 251 (5th Cir. 1997)). All three elements are questions of fact. *Lady Primrose's, Inc. v. After Hours Bath Products, Inc.*, No. 99-40753, 2000

WL 309967, at *1 (5th Cir. Mar. 6, 2000); *Sno-Wizard Mfg., Inc. v. Eisemann Prods. Co.*, 791 F.2d 423, 427 (5th Cir. 1986); *Natural*, 2004 WL 912568, at *3−*4.

Here, Defendant argues Lucas's testimony as it relates to secondary meaning and functionality is inadmissible because these are legal questions. Defendant's argument is misplaced. As explained above, these are questions of fact, not law. As such, Lucas's testimony as it relates to these issues is admissible.

### 2. Matters Outside Personal Knowledge

Defendant argues the subjects on which Lucas will testify are beyond the ambit of her personal knowledge. Plaintiff contends any opinion Lucas gives are within her personal knowledge gained in her role at Luci Bags.

"A non-retained expert's testimony under Rule 26(a)(2)(C) arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *Diamond Consortium*, 2017 WL 2936218, at *2 (citations omitted). In defining the scope of a non-retained expert, such testimony is limited to expert opinions based on the expert's personal knowledge and observations. *See Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-cv-00133-O, 2014 WL 3744976, at *8 (N.D. Tex. July 30, 2014).

Defendant claims Lucas's opinions regarding construction techniques of other companies, consumer purchasing habits, commercially acceptable design criteria, and market compensation are inadmissible because these topics are outside Lucas's personal knowledge. Further, Defendant contends Lucas's ground-level experience is limited to her experience designing and selling Luci Bags. The Court is unpersuaded. Here, Lucas is the founder and CEO of Luci Bags. Additionally, Lucas has designed, manufactured, marketed, and sold display tote bags since 2008. It is from

such experience and knowledge, i.e. her ground-level involvement, that Lucas bases her opinions. It is evident an individual involved in the designing, manufacturing, marketing, and selling of a product for almost ten years is familiar with the topics listed above. As such, the Court finds Lucas can testify about such topics. However, such testimony is limited by her personal knowledge and observations as the founder and CEO of Luci Bags.

### D. 26(a)(2)(A) Requirements

Defendant argues Plaintiff's disclosure of Lucas's summary does not meet the requirements laid out in Rule 26(a)(2)(C)(i)-(ii). Specifically, Defendant claims the summary "is void of factual bases" and lacks details supporting Lucas's conclusions. (Dkt. #55 at p. 15). Conversely, Plaintiff contends the summary "provides a list of the subjects on which Ms. Lucas is expected to testify and then provides a more thorough summary of what those opinions and facts will be." (Dkt. #57 at p. 8).

The Federal Rules of Civil Procedure state that a non-retained expert need only provide a disclosure stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Regarding the second requirement, "the disclosure must state opinions, not merely topics of testimony[,]" and "contain at least a summary of the facts which the opinions are based." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 90366, at *2 (N.D. Tex. Jan. 10, 2017); *accord Carr v. Montgomery Cty., Tex.*, No. H-13-279, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015); *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *7 (S.D. Tex. Sept. 14, 2015). The purpose of a non-retained expert's summary is to "ensure that an opposing party has some notice of what the non[-]retained expert will testify about." *Everett Fin.*, 2017 WL 90366, at *2. The disclosure

requirement for non-retained experts "is intended to be less stringent than those requirements applicable to retained experts." *McCranie v. Home Depot U.S.A., Inc.*, No. 4:15-cv-423-ALM-CAN, 2016 WL 7626597, at *6 (E.D. Tex. Aug. 25, 2016) (citing FED. R. CIV. P. 26 advisory committee's note (2010)). As such, the Court must take care against requiring undue detail. *Everett Fin.*, 2017 WL 90366, at *2 (quoting FED. R. CIV. P. 26(a)(2)(C) advisory committee's note).

Here, Plaintiff's disclosure satisfies the requirements under Rule 26(a)(2)(C). First, the summary provides a description of the subject matter Lucas is expected to present evidence on. For example, the summary states Lucas is expected to testify on "the design, construction, and manufacture of Luci Bags display tote bags; the design, construction, and manufacture of other display tote bags on the market; and different ways that display bags, including totes, can be designed, constructed, and/or manufactured." (Dkt. #57, Exhibit 4 at p. 2.)

Second, Plaintiff's disclosure provides several opinions on which Lucas is anticipated to testify. For example, Lucas is expected to testify "that the stripes that comprise her trade dress serve no functional purpose and are merely arbitrary and ornamental flourishes to decorate the tote bags." (Dkt. #57, Exhibit 4 at p. 2). Further, Lucas is expected to opine that "the use of bias tape or other trim is not necessary to complete the construction of display pockets on a display tote bag" and that "the use of material to cover zipper seams does not necessarily infringe the Luci Bags trade dress, but that use of material that creates a visual contrast with the bag itself does infringe the trade dress." (Dkt. #57, Exhibit 4 at p. 3). The Court finds such statements are more than topic statements but are opinions as to which Lucas will testify. *See Everett Fin.*, 2017 WL 90366, at *2–*4. Further, Plaintiff's disclosure explains that Lucas's opinions and findings are "based on her experience and knowledge gained at Luci Bags LLC and working in the market for display

12

tote bags." (Dkt. #57, Exhibit 4 at p. 3). *See id.* at *2 (holding the requirement of a summary may be satisfied by an abstract, abridgement, or compendium of the opinion and facts supporting the opinion).

Because Plaintiff's disclosure provides both the anticipated subject matter and a summary of opinions Lucas will testify on, it meets Rule 26(a)(2)(C) requirements. As such, the Court finds Plaintiff's disclosure sufficient.

### E. 403 Prejudice

Defendant argues allowing Lucas, an interested party, to testify, without any factual basis or foundation as an expert, is unfairly prejudicial. Plaintiff contends to the extent Lucas's testimony is self-serving, Defendant has the ability to cross-examine Lucas and credibility is determined by the jury, not the Court.

"The [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "[T]o warrant exclusion, the danger of unfair prejudice—on this ground or any other—must *substantially* outweigh the probative value of the evidence." *U.S. v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (emphasis in original). "[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.* (citing *U.S. v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993)).

Here, Defendant argues it is unfairly prejudiced if Lucas testifies because her opinions lack a factual foundation. As explained above, the Court finds Lucas's anticipated testimony is grounded in and limited to her experience and personal knowledge working for Luci Bags.

13

Further, Defendant claims because Lucas "is the sole owner of Luci Bags and has a vested financial interest" in the case, her testimony unfairly prejudices Defendant. (Dkt. #55 at p. 17). This argument is misplaced. *See Daubert*, 509 U.S. at 596 (holding vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence); *Rodriguez v. Pacificare of Tex. Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993) (holding nothing in the Federal Rules of Evidence prohibits a party from serving as an expert witness). Finally, Defendant contends Lucas's testimony "would be exceedingly misleading to the jury . . . ." (Dkt. #55 at p. 18). However, Defendant fails to explain how Lucas's anticipated testimony results in juror confusion. As such, the Court finds such argument inappropriate.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Motion to Strike Rebecca Lucas as an Expert Witness (Dkt. #55) is hereby **DENIED.**

**IT IS SO ORDERED.**
**SIGNED this 28th day of September, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE