# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LUCI BAGS LLC | § § | |
| v. | § § | Civil Action No. 4:16-CV-00377 |
| YOUNIQUE, LLC | § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Younique, LLC's Motion to Strike Plaintiff's Damage Claims and Jury Demand (Dkt. #85). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted in part.

## BACKGROUND

In August 2016, Plaintiff Luci Bags, LLC applied for federal trademark protection for tote bags. This application did not mature to registration until April 26, 2016. From December 2015 through February 2016, Defendant participated in a "Welcome Back" promotion. As a part of the promotion, Defendant distributed Welcome Back Kits, which included a Younique-branded tote bag. On June 7, 2016, Plaintiff filed suit against Defendant for alleged violations of 15 U.S.C. §§ 1114 and 1125(a), common law trade dress infringement, and unfair competition (Dkt. #1).

On October 11, 2017, Defendant filed its Motion to Strike Plaintiff's Damage Claims and Jury Demand (Dkt. #85). On October 18, 2017, the parties filed a Stipulation to Non-Jury Trial (Dkt. #103).[1] Plaintiff filed its response (Dkt. #104) on October 25, 2017. Defendant filed its

---

[1] As a result, Defendant's request to strike Plaintiff's jury demand is moot. As such, the Court only addresses whether striking Plaintiff's damage claims is warranted.

reply (Dkt. #109) on November 1, 2017.  Plaintiff filed its sur-reply (Dkt. #110) on November 3, 2017.

## ANALYSIS

Defendant argues that Plaintiff is not entitled to monetary relief because Plaintiff did not abide by the notice requirements in 15 U.S.C. § 1111.  Further, Defendant claims Plaintiff is precluded from recovering punitive damages.  The Court addresses each argument in turn.

### I. Monetary Relief

Defendant claims that Plaintiff is precluded from recovering monetary relief because it did not comply with the notice requirements in 15 U.S.C. § 1111.  Plaintiff argues notice, as required by § 1111, applies only to infringement that occurs after registration, and since the relief Plaintiff seeks relates to events prior to registration, § 1111 is inapplicable.

15 U.S.C. § 1125(a) "governs infringement of unregistered marks." *Dwyer Instruments, Inc. v. Sensocon, Inc.*, 873 F. Supp. 2d 1015, 1027 (N.D. Ind. 2012) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)).  15 U.S.C. § 1117(a), states that a violation under § 1125(a) entitles a plaintiff to recover the defendant's profits, damages sustained by the plaintiff, and costs of the action, subject to the provisions of §§ 1111 and 1114.  Section 1111 requires that in order to recover profits or money damages in an infringement suit, the trademark registrant must give "notice" of registration.  Notice is provided by "displaying with the mark the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed within a circle, thus ®." 15 U.S.C. § 1111.  However, when a registrant fails to provide such notice of registration, "no profits and no damages shall be recovered . . . unless the defendant had actual notice of the registration." *Id.*  Although § 1117 statutory damages for a violation of § 1125(a) are "subject to" the notice requirements of § 1111, such requirements only apply to

registered marks. *McCarthy on Trademarks & Unfair Competition* § 19:144 (4th ed.). As a result, the § 1111 notice requirement is "not a limitation on recovery of damages under a [§ 1125(a)] count for infringement of an unregistered mark." *Id.* Stated differently, § 1111 notice applies to infringement of registered marks (§ 1114), but is not a limitation of infringement of an unregistered mark (§ 1125(a)).

Here, Plaintiff seeks Defendant's profits from Defendant's Welcome Back promotion that took place from December 2015 to February 2016, before Plaintiff's application for registration matured. As explained above, the notice requirement in § 1111 applies to damages sought for the infringement of registered marks. Although Plaintiff's mark is now registered, at the time of the alleged infringement, Plaintiff's mark was unregistered. As a result, because the relief Plaintiff seeks involves alleged infringement prior to the mark's registration, the § 1111 notice requirements do not apply.[2]

Defendant argues that "[b]y expressly incorporating Section 1111 into Section 1117, the Lanham Act mandates that a registrant relying on its registration cannot claim monetary damages until it provides marks [of] trademark or gives actual notice to the alleged infringer." (Dkt. #85 at p. 7). In other words, Defendant claims that since Plaintiff's mark is now registered § 1111 applies, regardless of when the alleged infringement occurred. In making this argument, Defendant relies heavily on *Coach, Inc. v. Asia Pac. Trading Co., Inc.*, 676 F. Supp. 2d 914 (C.D. Cal. 2009), but such reliance is misplaced. In *Coach*, Plaintiffs sued on a registered mark under both 15 U.S.C. § 1114 and § 1125(a). *Coach*, 676 F. Supp. 2d at 918. The court held that the "[p]laintiffs' recovery of profits or damages under § 1125(a) [was] limited to the period after which

---

[2] *See Dwyer*, 873 F. Supp. 2d at 1028 (holding that because "[t]he notice language of § 1111 only applies to registered marks and to claims for infringement of such registered marks," it is "improper and incorrect for the Plaintiff to notify the Defendants that the [mark] was registered before the actual date of registration.")

3

[the d]efendant had 'actual notice' of [the p]laintiffs' registration. *Id.* at 925. Despite Defendant's reliance on the holding in *Coach*, the Court finds the analysis in *Coach* belies Defendant's contention.

In making its ruling, the court in *Coach* cites to *McCarthy*, which, in relevant part, states "'[b]ecause the [§ 1111] requirement of notice only applies to registered marks, it is, of course, not a limitation on recovery of damages under a [§ 1125(a)] count for infringement of an unregistered mark.'" *Id.* at 925 (alteration in original) (quoting *McCarthy*, § 19:144). Further, *McCarthy* discussed the difficult "'question [of] whether a registrant who proves infringement under both [§ 1114(1)] (registered mark) and [§ 1125(a)] (unregistered mark) can avoid the notice limitation imposed by [§ 1111] by claiming all of its damages fall under the [§ 1125(a)] count.'" *Id.* (alteration in original) (quoting *McCarthy*, § 19:144). In holding that "'a registrant cannot avoid the [§ 1111] damage limitation by using [§ 1125(a)],'" *McCarthy* simply stated the obvious, that a plaintiff who sues on a registered mark cannot skirt the marking requirement by relying solely on § 1125(a) for all of its damages. *Id.* (alteration in original) (quoting *McCarthy*, § 19:144). Further, the court in *Coach* cites to *GTFM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273 (S.D.N.Y. 2002). *GTFM* held that for any infringement occurring before the mark's registration, plaintiff could recover profits and damages under § 1125(a), but for infringement occurring after registration, plaintiff needed to satisfy the notice requirements of § 1111. *GTFM*, 215 F. Supp. 2d at 306. As such, the holding in *Coach* precluded the plaintiffs from avoiding the § 1111 notice requirements by pleading § 1125(a) when evidence of infringement prior to registration failed to

exist. However, the court did not, as Defendant argues it did, rule that § 1111 notice applies to unregistered marks.

Here, there is no evidence that Plaintiff attempted to recover all of its relief under "§ 1125(a) or otherwise use § 1125(a) in an attempt to avoid the damage limitation." *Dwyer*, 873 F. Supp. 2d at 1028. Rather, Plaintiff asserts a "violation of § 1125(a) as the mechanism to recover for infringement that occurred before" its application for registration matured. *Id.* As such, the Court finds that Plaintiff is eligible to recover damages under § 1125(a) for infringement that occurred prior to registration, "and may do so without reference to § 1111." *Id.*; *see GTFM*, 215 F. Supp. 2d at 306.

As such, the Court finds striking Plaintiff's claim for monetary relief is inappropriate.

## II. Punitive Damages

Defendant avers that because Plaintiff does not seek actual damages, Plaintiff is not entitled to punitive damages. As a result, Defendant requests the Court strike Plaintiff's claim for punitive damages. Conversely, Plaintiff argues that it does seek actual damages, which precludes the Court from striking its punitive damages claim.

Exemplary, or punitive, damages are designed to penalize and deter conduct that is outrageous, malicious, or morally culpable. *See* TEX. CIV. PRAC. & REM. CODE § 41.001(5); *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 40 (Tex. 1998). "[E]xemplary damages may be awarded only if damages other than nominal damages are awarded." TEX. CIV. PRAC. & REM. CODE § 41.004(a). Nominal damages are damages awarded when there has been a violation of a legal right, but the injured party has not sustained any actual loss or cannot prove the amount of the loss. *See MBM Fin. Corp. v. Woodlands Oper.*, 292 S.W.3d 660, 665 (Tex. 2009). Additionally, "[r]ecovery of actual damages is a perquisite to the receipt of exemplary

damages." *Juliette Fowler Homes, Inc. v. Welch Assocs.*, 793 S.W.2d 660, 667 (Tex. 1990) (citing *Doubleday & Co. v. Rogers*, 674 S.W.2d 751, 753–54 (Tex. 1984)). Actual damages are those damages awarded to repair a wrong or to compensate for an injury. *See Robertson Cty. v. Wymola*, 17 S.W.3d 334, 343–44 (Tex. App.—Austin 2000, pet. denied).

Here, Plaintiff seeks Defendant's profits as provided for in 15 U.S.C. § 1117. Thus, the issue for the Court is whether such damages are "actual damages" allowing for Plaintiff's punitive damages claim to survive. The Court finds that accounting of profits does not constitute actual damages. *See Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 700 (S.D. Tex. 2002) (holding that an accounting from profits is distinct from an award of money damages, even though such a remedy yields an award of money). This conclusion is further supported by Plaintiff's Complaint (Dkt. #1) and its 30(b)(6) deposition, both of which make the distinction between accounting of profits and actual damages. First, Plaintiff's Prayer for Relief seeks an order awarding "Luci Bags damages and ordering Younique to account and pay to Luci Bags *all profits* realized by its wrongful acts **and** also awarding Luci Bags its *actual damages*, and also directing that such *profits* **or** *actual damages* be trebled pursuant to [15 U.S.C. § 1117]." (Dkt. #1 at ¶ F) (emphasis added). Second, Plaintiff, through its representative Rebecca Lucas, testified that Luci Bags is not claiming any actual or out-of-pocket damages, but instead is only seeking Defendant's profits from the Younique bag. (*See* Dkt. #85, Exhibit 3 at p. 3). Accordingly, the Court finds that Plaintiff's claim for punitive damages should be struck.

## CONCLUSION

It is therefore **ORDERED** that Defendant Younique, LLC's Motion to Strike Plaintiff's Damage Claims and Jury Demand (Dkt. #85) is hereby **GRANTED in part.** As a result, Plaintiff's claim for punitive damages is hereby stricken.

6

**IT IS SO ORDERED.**

**SIGNED this 8th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE